IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00952-SEP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY INTEROLOCUTORY APPEAL AS FRIVOLOUS**

Defendants filed their Notice of Appeal on October 10, 2025 (Doc. 51). All Defendants (even the City of St. Louis, which is not entitled to qualified immunity) are seeking relief in this interlocutory appeal on the basis of qualified immunity, claiming that the City's interlocutory appeal lies because analysis of the claims against it "is inextricably intertwined with the qualified immunity analysis." Qualified immunity involves a two-step analysis: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Burton v. Martin*, 737 F.3d 1219, 1228 (8th Cir. 2013).

There can be no doubt that the right at issue was clearly established when Defendants discriminated against Plaintiff. As this Court recognized, because the 8th Circuit has recognized it, there is "no question" that the right to be free from racial discrimination is "well-established." The 8th Circuit has held that "[t]he constitutional right to be free from [racial] discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it." *Wimbley v. Cashion,* 588 F.3d 959, 963 (8th

Cir. 2009) and *Burton,* 737 F.3d at 1229. Therefore, as in *Burton,* the Court of Appeals only has jurisdiction to consider whether the facts, taken in the light most favorable to Plaintiff, support a finding that Defendants Jones and Isom violated Plaintiff's constitutional and/or statutory rights. *Burton, 7*37 F.3d at 1229.

In ruling on whether Plaintiff's right to be free from intentional race discrimination was violated, this Court held that the allegations of discrimination under Title VII, § 1981, and the Equal Protection Clause stated claims for relief based upon the United States Supreme Court's decision in *Ricci v. DeStefano*, 557 U.S. 557, 574 (2009). The Supreme Court held in *Ricci:*

> … once [the promotion] process has been established and employers have made clear their selection criteria, they may not then invalidate the test results, thus upsetting an employee's legitimate expectation not to be judged on the basis of race. Doing so, absent a strong basis in evidence of an impermissible disparate impact, amounts to the sort of racial preference that Congress has disclaimed, § 2000e-2(j), and is antithetical to the notion of a workplace where individuals are guaranteed equal opportunity regardless of race. *Id*. at 585.

This Court recognized that "Defendants reopened an application process and changed its requirements because the two resulting candidates were white. Such 'race-based decisionmaking,' absent a valid defense, is impermissible under Title VII. *Id*. at 579." Doc. 47, p. 8. The Court also found that Plaintiff alleged sufficient facts that he was not promoted because he was white, even though a white candidate was ultimately selected for the position after the search was reopened with different requirements because two African American candidates declined the position. Doc. 47, pp. 9-10.

A court analyzes § 1981 and Equal Protection claims alleging race discrimination the same as a Title VII claim. *Burton, 7*37 F.3d at 1237 and *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013). As this Court found, "[t]aking Plaintiff's allegations to be true and drawing all reasonable inferences in his favor, something similar happened here: Plaintiff was

2

denied an established route to promotion because of his race." Doc. 47, p. 7. Plaintiff would argue that what happened to him is identical to the plaintiffs in *Ricci:* the promotion process was established with clear selection criteria, testing occurred that was invalidated only because the qualified candidates were white, which is "antithetical to the notion of a workplace where individuals are guaranteed equal opportunity regardless of race," and therefore, not only a violation of Title VII, but § 1981 and the Equal Protection Clause. *Ricci*, 557 U.S. at 585.

This case has already been pending for over two years. In light of the controlling Supreme Court precedent, there can be little doubt that Defendants appeal is frivolous and was filed for the purpose of further delaying discovery and the inevitable finding that the City of St. Louis and individual defendants intentionally discriminated against Plaintiff, as Defendant Jones admitted when she announced through the media that the search was being reopened because the two qualified candidates certified for promotion are white.

The United States Supreme Court has endorsed a process that allows the district courts to certify interlocutory appeals based on qualified immunity as frivolous and retain jurisdiction pending summary disposition of the appeal. *Behrens v. Pelletier*, 516 U.S. 299, 310-311 (1996). The Court recognized that this practice "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.* Because Defendants interlocutory appeal based on qualified immunity is frivolous, the Court should certify it as frivolous and retain jurisdiction over this proceeding pending summary disposition of it by the Court of Appeals.

Respectfully submitted,

PETRUSKA LAW, LLC


      /s/ Lynette M. Petruska
Lynette M. Petruska, # 41212
1291 Andrew Dr.
Glendale, MO 63122
314-954-5031
lpetruska@att.net

Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

    The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record via the Federal Electronic Filing System on this 14th day of October, 2025.


/s/Lynette M. Petruska